1

2

3

4

5

6

7

8

9               **UNITED STATES DISTRICT COURT**

                **CENTRAL DISTRICT OF CALIFORNIA**

10

11

SHAMECA L. JENKINS,              )      NO. CV 12-10753-AS
12                               )
              Plaintiff,         )
13                               )      MEMORANDUM OPINION
         v.                      )
14                               )      AND ORDER OF REMAND
CAROLYN W. COLVIN,               )
15 Acting Commissioner of Social )
Security,                        )
16                               )
                                 )
17            Defendant.         )
   _____)

18

19      Pursuant to Sentence four of 42 U.S.C. section 405(g), IT IS HEREBY

20 ORDERED that this matter is remanded for further administrative action

21 consistent with this Opinion.

22

23                         **PROCEEDINGS**

24

25      Plaintiff filed a complaint on December 20, 2012, seeking review

26 of the Commissioner's denial of disability benefits.  (Docket Entry No.

27 3).  Defendant filed an Answer and the Certified Administrative Record

28 on May 9, 2013.  (Docket Entry Nos. 11-12).  The parties filed a Joint

Stipulation on September 30, 2013. (Docket Entry No. 21).   The parties have consented to proceed before a United States Magistrate Judge. (Docket Entry Nos. 20, 22). The Court has taken the action under submission without oral argument.   See L.R. 7-15; "Case Management Order," filed December 27, 2012 (Docket Entry No. 6 at 5).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff received supplemental security disability benefits based on disability as a child.   When she attained the age of 18 years, her eligibility for those benefits was redetermined under the rules for determining disability in adults.  On August 27, 2009, the Commissioner issued a cessation notice based on its finding that Plaintiff was no longer disabled as of August 1, 2009.  (See Administrative Record ("A.R.") 49, 54-57 ).  On April 15, 2010,  the Commissioner's decision was upheld upon reconsideration by a State agency Disability Hearing Officer.  (A.R. 62-72 ).   On April 29, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (A.R. 73).  The ALJ conducted an administrative hearing on August 4, 2011 and heard testimony from Plaintiff, Plaintiff's mother, Evette Jenkins, and vocational expert Alan E. Cummings. (A.R. 38-48). Plaintiff waived her right to representation.  (A.R. 134).   On August 17, 2011, the ALJ denied Plaintiff's application for disability benefits. (A.R. 17-23). On September 18, 2012, the Appeals Council denied review. (A.R. 4-7).

Plaintiff asserts disability based on fatigue and dizziness allegedly caused by the immunosuppressant medication she is required to

take as a result of a liver transplant that she had as an infant and contends that she has difficulty with walking and standing for long periods of time due to a foot deformity and decreased range of motion in her ankles. (Joint Stipulation, "Stip." at 8-9).

During the administrative hearing, Plaintiff testified that she was taking anti-rejection medication as a result of her liver transplant as well as antidepressant medication. (A.R. 40). She testified that, other than going to school where she was taking a reduced case load, she spent her days at home, did not drive, and that her mother did everything for her. Id. Plaintiff claimed that she could not stand or walk unless necessary, could not sit for more than three hours, and could lift less than twenty pounds on a regular basis. (AR. 41-42. Plaintiff also testified that she was seeing a psychologist. (A.R. 42).

Plaintiff's mother, Evette Jenkins, testified that Plaintiff was unable to maintain a full-time schedule at Antelope Valley college and could not keep up with her classes, could not get up early, was always fatigued, in her room all the time, withdrawn and was currently taking psycho medication and undergoing group therapy because of her inability to not do anything. (A.R. 43). Evette Jenkins also testified that Plaintiff was not able to walk far because of her toes, her ankles and her surgeries. Id. She testified that Plaintiff was on probation at school because she had not been able to keep up with her classes, and could not be in school when she was sick. (A.R. 44). Finally, Evette Jenkins stated that Plaintiff's doctors were still attempting to determine the correct medication and dosage for her antidepressant

3

medication.  (A.R. 46-47).

The vocational expert testified that a 20-year old with a 12th grade education who could perform heavy work was capable of performing light skilled jobs such as cashier, inspector, assembler, and order clerk but would not be able to perform these jobs if markedly limited in mental functions or if she could not stand or walk or sit as much as six out of eight hours.  (A.R. 45-46).

On August 17, 2011, the ALJ issued a decision denying Plaintiff's application for continued supplemental security benefits.  The ALJ found that Plaintiff's status post-liver transplant, post-bilateral clubfoot surgery and adjustment disorder with depression and avoidant personality traits constituted a severe impairment but determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listing-level impairment. (A.R. 19).  The ALJ noted that Plaintiff had responded well to her immunosuppressive medications, a consultative examination had revealed no functional limitations, a psychiatric evaluation found no mental limitations, and medical consultants who reviewed Plaintiff's medical records concluded that she did not have a severe physical limitation or a severe mental impairment.  (A.R. 20-21).  The ALJ concluded that Plaintiff had the residual functional capacity to perform "a full range of heavy work" with the following non-exertional limitations: mild restriction of daily living activities, mild difficulty in maintaining social functioning, and mild difficulties in maintaining concentration, persistence and pace.  (A.R. 21).

4

In reaching these findings, the ALJ found that Plaintiff's medically determinable impairment could reasonably be expected to cause the alleged symptoms but deemed Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms not credible to the extent they were inconsistent with the ALJ's determination of Plaintiff's residual functional capacity assessment. The ALJ noted that, according to Plaintiff's medical records and the consultative examinations, her condition was stable and she had tolerated her medications well. (A.R. 21). The ALJ also found that her daily activities (staying at home, shopping, and attending college 2-3 hours) were inconsistent with her allegations, she did not appear to be too motivated to work and admitted that she had no intention of starting to work. (A.R. 22). Accordingly, the ALJ determined that Plaintiff was not disabled. (A.R. 23). The ALJ's decision did not address the testimony of Plaintiff's mother.

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

5

1

**DISCUSSION**

2

3      Where, as here, the ALJ finds that a claimant suffers from a

4  medically determinable impairment that could reasonably be expected to

5  produce his or her alleged symptoms, the ALJ must evaluate "the

6  intensity, persistence, and functionally limiting effects of the

7  symptoms to determine the extent to which the symptoms affect the

8  individual's ability to do basic work activities.   This requires the

9  [ALJ] to make a finding about the credibility of the individual's

10  statements about the symptom(s) and its functional effect." Social

11  Security Ruling ("SSR") 96-7p.

12

13      **1.    The ALJ's Determination of Plaintiff's Credibility**

14

15      Where an ALJ finds that a claimant's medically determinable

16  impairments reasonably could be expected to cause the alleged symptoms,

17  the ALJ may not discount the claimant's testimony regarding the severity

18  of the symptoms without making "specific, cogent" findings, supported

19  in the record, to justify discounting such testimony. Lester v. Chater,

20  81 F.3d 821, 834 (9th Cir. 1995); see Rashad v. Sullivan, 903 F.2d 1229,

21  1231 (9th Cir. 1990).[1] Generalized, conclusory findings do not suffice.

22  See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's

23  credibility findings "must be sufficiently specific to allow a reviewing

24  _____

25      [1]    In the absence of evidence of "malingering," most recent Ninth
Circuit cases have applied the "clear and convincing" standard.  See,
26  e.g., Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v.
Commissioner of Social Security Admin., 659 F.3d 1228, 1234 (9th Cir.
27  2011); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009);
Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000)
28  (collecting cases).

6

court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); and Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."). See also Social Security Ruling 96-7p.

In the present case, the ALJ concludes:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment (A.R. 22).

However, the ALJ fails to state the specific reasons for this credibility assessment other than to state, in a conclusory fashion, that the claimant's statement were "not substantiated by the objective medical evidence." (A.R. 21). See Spytek v. Astrue, 2010 WL 3584549, at *5 (W.D. Wash. Aug. 12, 2010), adopted, 2010 WL 3584546 (W.D. Wash. Sept. 10, 2010) (ALJ erred by stating in a conclusory fashion that the claimant's "statements concerning the intensity, persistence, and

7

limiting effects of those symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity finding," although the ALJ implied that the claimant's statements were "not substantiated by objective medical evidence"[2]); see also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("We are wary of speculating about the basis of the ALJ's conclusion . . ."); Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision); Coronado v. Astrue, 2011 WL 3348066, at *8 (E.D. Cal. Aug. 2, 2011) (where the reasons for the ALJ's credibility determination were uncertain, and the determination overlapped and blended with the ALJ's discussion of the medical record, remand was appropriate).

Here, the ALJ's decision does not specifically identify the statements made by Plaintiff that he finds to be inconsistent with her daily activities and the objective medical evidence and state why he finds those statements to lack credibility. Consequently, the Court cannot affirm the ALJ's credibility determination. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); Watts v. Astrue, 2012 WL 2577525, at *8-9 (E.D. Cal. July 3, 2012) (remand required where ALJ's decision discussed the evidence potentially bearing on the claimant's credibility, but

---

[2]    See also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis").

"provide[d] no discussion how this evidence impacted the ALJ's view of Plaintiff's credibility").

##### 2.   The ALJ's Failure To Consider the Testimony of Plaintiff's Mother

In evaluating the credibility of a claimant's assertions of functional limitations, the ALJ must consider lay witnesses' reported observations the claimant. See Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999); see also SSR 96-7p ("the adjudicator must consider the entire case record, including . . . information provided by . . . other persons about the symptoms and how they affect the individual."). "[F]amily members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 C.F.R. § 404.1513(d)(4) (observations by "non-medical sources" such as "spouses, parents and other caregivers" may be used to "show the severity of your impairment(s) and how it affects your ability to work"). "[T]he ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony he rejects." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (emphasis added). "Further, the reasons 'germane to each witness' must be specific." Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009).

In the present case, the ALJ erred by failing to address the testimony of Plaintiff's mother. Assuming, arguendo, the ALJ considered and implicitly rejected the mother's testimony, the ALJ erred by failing

to state any reasons for rejecting that testimony. Defendant contends that any error in the ALJ's failure to specifically address the testimony of Plaintiff's mother was harmless because the testimony was substantially similar to Plaintiff's testimony, the ALJ gave valid reasons for discounting Plaintiff's testimony and those reasons are equally applicable to the mother's testimony. (Stip at 20). However, the Ninth Circuit has held that reasons unspecified in the administrative decision are not cognizable by the Court. See Hassen v. Com'r of the Social Sec. Admin, 421 Fed.Appr. 738, 739 n.1 (9th Cir. Mar. 15, 2011) (harmless error standard not applicable where ALJ fails to mention lay testimony entirely); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot affirm on the basis of evidence the ALJ failed to discuss); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

Moreover, where the ALJ fails to properly address competent lay testimony favorable to a claimant, the district court cannot deem the error harmless unless no reasonable ALJ, when fully crediting the lay evidence, could have reached a different disability determination. See Stout, 454 F.3d at 1056. Here, the Court is unable to conclude that no reasonable ALJ, fully crediting the testimony of Plaintiff's mother, could have reached a different disability determination regarding Plaintiff, particularly because the vocational expert testified that the available jobs could not be performed by someone who was unable to sit for less than eight hours, Plaintiff testified that she could not sit for more than three hours and Plaintiff's mother testified about Plaintiff's constant fatigue and her inability to stand and walk for any

significant period of time. A reasonable ALJ, fully crediting the testimony of Plaintiff's mother, which corroborated Plaintiff's testimony regarding her functional limitations, could have made a different evaluation of Plaintiff's credibility and reached a different decision regarding her disability. See, eg., Johnson v. Astrue, 2008 WL 2705172 *2 (C.D. Cal. July 7, 2008) (failure to mention potentially corroborative lay testimony not harmless because "[c]rediting that testimony might have caused the ALJ to reach a different decision regarding Plaintiff's credibility and, ultimately, Plaintiff's disability"); Chavarria v. Astrue, 2008 WL 906650 *21 (D. Ariz. Mar. 31, 2008) ("Consideration of the lay statements may well affect the ALJ's credibility and RFC determination . . .").

### 3.   Remand Is Appropriate

Because the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003)(remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony).

### CONCLUSION

For all of the foregoing reasons,[3] this matter is remanded for

---

[3]     The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.

11

further administrative action consistent with this Opinion.

        LET JUDGMENT BE ENTERED ACCORDINGLY.

        DATED:   March 7, 2014.


                                    /s/
                                    _____
                                    ALKA SAGAR
                                    UNITED STATES MAGISTRATE JUDGE